UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL KILDUFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:06-CV-0221-G |
| FIRST HEALTH BENEFITS | ) | |
| ADMINISTRATORS CORP. and | ) | **ECF** |
| OFFICEMAX INCORPORATED, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff Michael Kilduff ("Kilduff") to

remand this case to the state court from which it was removed.  For the reasons stated

below, the motion is denied.

I. BACKGROUND

This case arises out of a car accident in Collin County, Texas.  Plaintiff's

Amended Second Amended Petition ¶ 3.2.  On November 23, 2004, Kilduff was

driving a vehicle in Plano, Texas when an underinsured/uninsured driver collided with

him, resulting in injuries and damages.  *Id*.  Upon making a claim to his insurance

company to be indemnified for this accident, he was denied full benefits.  *Id*. ¶ 3.3.

On December 5, 2005, Kilduff filed suit in the 298th Judicial District Court of Dallas

County, Texas against defendant First Health Group Corp.  Plaintiff's Original

Petition, *attached to* Defendant First Health Benefits Administrators Corp.'s Notice of

Removal ("Notice of Removal") *at* Tab C.  On December 28, 2005, Kilduff filed a

First Amended Petition naming as a defendant only First Health Benefits

Administrators Corp. ("FHBA").  *Id*. at Tab F.  On February 3, 2006, FHBA filed a

notice of removal, asserting diversity jurisdiction and federal question jurisdiction

under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

§ 1001 *et seq*.  Docket Sheet; Notice of Removal at 2-3.  In response, Kilduff filed the

instant motion to remand on February 8, 2006.  Docket Sheet.

## II. ANALYSIS

Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in a

State Court of which the district courts of the United States have original

jurisdiction."  Under this statute, "[a] defendant may remove a state court action to

federal court only if the action could have originally been filed in the federal court."

*Aaron v. National Union Fire Insurance Company of Pittsburg, Pennsylvania*, 876 F.2d

1157, 1160 (5th Cir. 1989), *cert. denied*, 493 U.S. 1074 (1990) (citations omitted).

Removal jurisdiction must be strictly construed, however, because it "implicates

important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); see also *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988).  Furthermore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941); *Healy v. Ratta*, 292 U.S. 263, 270 (1934).  The burden of establishing federal jurisdiction is on the party seeking removal.  *Frank*, 128 F. 3d at 921-22; *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction:  (1) the existence of a federal question and (2) complete diversity of citizenship among the parties.  *See* 28 U.S.C. §§ 1331, 1332.  Federal question jurisdiction can be exercised by the court if the case presents any issues "arising under the Constitution, laws, or treaties of the United States."  *See* 28 U.S.C. § 1331.  The court can properly exercise jurisdiction on the basis of diversity of citizenship if the parties are of completely diverse citizenship and the case involves an amount in controversy of at least $75,000.  *See* 28 U.S.C. §1332(a).[1]  The defendant asserted both federal question and diversity jurisdiction in its notice of removal, but Kilduff contested only the existence of diversity jurisdiction in his motion to remand.

---

[1]     Section 1332 states, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States . . . ."  28 U.S.C. § 1332(a)(1).

A.  Diversity Jurisdiction

To establish jurisdiction when the plaintiff's state court petition does not allege a specific amount of damages, as in the instant case, the removing defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  See *Allen v. R & H Oil & Gas Company*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).  A court may determine that removal is proper if it is facially apparent from the state court petition that the claims are likely above $75,000.  See *id*.  If the amount in controversy is not apparent from the face of the petition, the court may rely on facts asserted in the removal notice or in an affidavit submitted by the removing defendant to support a finding of the requisite amount.  See *id*.  While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citing *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041 (1994), *abrogated on other grounds*, Marathon Oil Co. v. A.G. Ruhrgas, 145 F.3d 211 (5th Cir. 1998)).  However, if it is facially apparent from the petition that the amount in controversy meets the statutory requirements for diversity jurisdiction, such post-removal affidavits do not deprive the district court of jurisdiction.  *Id*.

- 4 -

Here, the petition Kilduff had on file at the time of removal does not specify an amount of damages.  Kilduff seeks -- based on counts of negligence and breach of contract -- compensation for "(1) past medical expenses; (2) future medical expenses; (3) pain, suffering, physical impairment and mental anguish in the past; (4) pain, suffering, physical impairment and mental anguish in the future; (5) disfigurement in the past; (6) disfigurement in the future; (7) lost wages in the past; and (8) lost wages in the future."  Plaintiff's Second Amended Petition at 3, *attached to* Plaintiff's Motion to Remand and Brief in Support Thereof *as* Appendix in Support of Plaintiff's Motion to Remand.[2]  In addition, Kilduff requests attorney's fees for trial and trial preparation, plus at least $15,000.00 in the event of an unsuccessful appeal.  *Id.*  FHBA argues that -- on its face -- Kilduff's petition "demonstrates that is more likely than not that this case exceeds the jurisdictional minimum of $75,000."  Defendant First Health Benefits Administrators Corp.'s Response to Plaintiff's Motion to

---

[2]        Although the defendants' notice of removal refers to Kilduff's first amended petition, the petition actually on file at the time of removal -- February 3, 2006 -- was Kilduff's second amended petition, filed in state court on February 1, 2006.  *See* Certificate of Service for Plaintiff's Second Amended Petition at 5 ("The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with the Rules of Civil Procedure, on this 1 day of February, 2006").  This petition being the live pleading at the time of removal, the court will look to this document rather than any subsequent amendments to determine the propriety of removing this case to federal court.  *Hook v. Morrison Milling Company*, 38 F.3d 776, 780 (5th Cir. 1994) (citing *Anderson v. Electronic Data Systems Corp.*, 11 F.3d 1311, 1316 n.8 (5th Cir.), *cert. denied*, 513 U.S. 808 (1994)); *Ta v. Neimes*, 927 F. Supp. 977, 980 (W.D. Tex. 1996) (quoting *Kidd v. Southwest Airlines, Co.*, 891 F.2d 540, 547 (5th Cir. 1990)).

Remand and Brief in Support ("Response") at 4.  Contending that Kilduff's request

for attorney's fees, medical expenses for the past year, and exemplary, punitive,

statutory, and treble damages exceed $75,000, FHBA opposes Kilduff's motion to

remand.  *See generally* Response.

Although FHBA presents a persuasive argument, the court concludes that the

complaint, considered alone, is ambiguous regarding the amount in controversy.

Unlike other Fifth Circuit cases in which the court found it to be facially apparent

that the damages exceeded the statutory minimum despite no stated amount in the

petition, Kilduff's complaint does not state what type of injuries were suffered.  See

*Guillory v. Chevron Stations, Inc.*, No. 03-2385, 2004 WL 1661201, at *2 (5th Cir.

July 22, 2004) (crediting the plaintiff's post-removal affidavit asserting damages less

than jurisdictional amount after comparing cases in which injuries that were more

numerous or severe indicated damages over $75,000); *Jacob v. Greyhound Lines, Inc.*,

No. 02-2199, 2002 WL 31375612, at *2-3 (5th Cir. Oct. 21, 2002) (because the

plaintiff gave only a "generalized description" of his "less serious" injuries with no

affirmative amount in controversy stated, it was not facially apparent that the

amount in controversy exceeded the jurisdictional limit).  Without additional

information regarding the kinds of injuries suffered by Kilduff, the court must

conclude that his complaint is ambiguous.  Thus, the court may look to the post-

removal stipulation filed by Kilduff stating the compensation he seeks.  See *Gebbia*,

233 F.3d at 883 ("such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal").  In this stipulation, filed March 1, 2006, Kilduff specifically states he will not seek damages in excess of the jurisdictional minimum.  Plaintiff's Stipulation on Limit of Damages ("Plaintiff hereby stipulates that he will not seek damages in excess of $75,000.00 in its [sic] claims against First Health Corp. and First Health Benefits Administrators Corp. in this lawsuit.").  Because the amount in controversy requirement is not met, the court does not have diversity jurisdiction over the parties.

B.  <u>Federal Question Jurisdiction</u>

Neither FHBA nor Kilduff has fully briefed whether the court has federal question jurisdiction over Kilduff's claims.  However, because the court is required to determine the existence of subject matter jurisdiction even when the issue is not raised by either party, *Kidd*, 891 F.2d at 546 ("While neither party argued that the amended complaint provided an adequate basis for federal question jurisdiction, federal courts must address jurisdictional questions *sua sponte* when the parties' briefs do not bring the issue to the court's attention."), *Free v. Abbot Laboratories, Inc.*, 164 F.3d 270, 272 (5th Cir. 1999), the court now turns to this question.

1.  *ERISA Preemption Generally*

District courts have federal question jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States."  *See* 28 U.S.C. § 1331; *Frank v. Bear Stearns & Company*, 128 F.3d 919, 922 (5th Cir. 1997).  Typically, whether an action should be remanded to state court must be resolved by reference to the plaintiff's pleading at the time of removal.  *State of Texas v. Alliance Employee Leasing Corporation*, 797 F. Supp. 542, 544 (N.D. Tex. 1992).  If the court can make this determination by reference to the plaintiff's complaint alone, the court need not go further.  However, should a district court need to go beyond the pleadings to assess the propriety of removal, it may do so.  *Id*.

In determining whether a claim arises under federal law, the well-pleaded complaint rule allows a plaintiff to be the "master to decide what law he will rely upon" in pursuing his claims.  *The Fair v. Kohler Die & Specialty Company*, 228 U.S. 22, 25 (1913); see also *Beneficial National Bank v. Anderson*, 539 U.S. 1, 6-7 (2003); *Aaron v. National Union Fire Insurance Company of Pittsburg, Pa.*, 876 F.2d 1157, 1160-61 (5th Cir. 1989), *cert. denied*, 493 U.S. 1074 (1990).  Where potential remedies exist under both state and federal law, a plaintiff may choose to proceed only under state law and avoid federal court jurisdiction.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Carpenter v. Wichita Falls Independent School District*, 44 F.3d 362, 366 (5th Cir. 1995).  "There is an exception to the well-pleaded complaint rule,

- 8 -

though, if Congress 'so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003) (en banc) (quoting *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 63-64 (1987)), *cert. denied*, 540 U.S. 1104 (2004).

The Supreme Court has held that state-law claims seeking relief within the scope of ERISA § 502(a)(1)(B) must be recharacterized as arising under federal law, and as such, are removable to federal court. *Metropolitan Life*, 481 U.S. at 60, 67; see also *Ramirez v. Inter-Continental Hotels*, 890 F.2d 760, 762 (5th Cir. 1989). According to § 502(a)(1)(B), ERISA's civil enforcement provision:

> **§ 1132.  Civil enforcement**
>
> **(a)  Persons empowered to bring a civil action**
>
> A civil action may be brought --
>
> > **(1)** by a participant or beneficiary --
> >
> > * * *
> >
> > **(B)** to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . .

29 U.S.C. § 1132(a)(1)(B).  When a claimant seeks relief "within the scope of [ERISA's] civil enforcement provisions," his or her claims are subject to *complete preemption*. *Metropolitan Life*, 481 U.S. at 66.  Complete preemption "'recharacterizes' preempted state law claims as 'arising under' federal law for the purposes of . . . making removal available to the defendant." *McClelland v. Gronwaldt*, 155 F.3d 507, 516 (5th Cir. 1998); see also *Johnson v. Baylor University*, 214 F.3d 630, 632 (5th Cir.), *cert. denied*, 531 U.S. 1012 (2000).

Another type of preemption, known as "conflict" or "ordinary" preemption, "arises when a federal law conflicts with state law, thus providing a federal defense to a state law claim, but does not completely preempt the field of state law so as to transform a state law claim into a federal claim." *Arana*, 338 F.3d at 439.  Under ERISA's conflict preemption provision, § 514(a), "any and all State laws [are displaced or superceded] insofar as they . . . relate to any employee benefit plan . . .". 29 U.S.C. § 1144(a); see also *Christopher v. Mobil Oil Corporation*, 950 F.2d 1209, 1217 (5th Cir.), *cert. denied*, 506 U.S. 820 (1992).  Any state law "relates to" an ERISA plan "if it has a connection with or reference to" an employee benefit plan. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983).[3]  However, even if the court

---

[3]        While this "relate to" standard must be interpreted expansively to give the words their broad common-sense meaning, see *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 146 (2001), "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw*, 463 U.S. at 100 n.21.

were to find that Kilduff's state law causes of action against the defendant relate to an

ERISA plan within the meaning of § 514(a), conflict preemption is insufficient to

create federal jurisdiction.  See *McClelland*, 155 F.3d at 516-19 (finding that a claim

that relates to an ERISA plan, but does not seek to enforce rights under § 502(a),

does not create federal removal jurisdiction); *Copling v. Container Store, Inc.*, 174 F.3d

590, 594-95 (5th Cir. 1999).[4]  To determine whether removal was proper, therefore,

the court must examine the contours of Kilduff's state law claims as they relate to

complete preemption.

### 2.  *Applicability of ERISA*

As pled, Kilduff's breach of contract claim for wrongful denial of benefits falls

squarely within ERISA's civil enforcement provision.  See *McSperitt v. Hartford Life*

---

[4]          Recently, the Fifth Circuit partially overruled *McClelland* and *Copling*.
*Arana*, 338 F.3d at 440 n.11.  Prior to *Arana*, courts in the Fifth Circuit required both
§ 502 complete preemption and § 514 conflict preemption before finding federal
jurisdiction.  *Id.* at 439.  The plaintiff in *Arana* argued that "even if his claim falls
within ERISA § 502 so that it is completely preempted, there is no [federal]
jurisdiction because his claim is not conflict-preempted as well."  *Id*.  The *Arana* Court
disagreed, holding that "only complete preemption of a claim under ERISA § 502(a)
is required for removal jurisdiction; conflict preemption under ERISA § 514 is not
required; and we overrule the relevant portions of our precedent to the contrary."  *Id*.
at 440.  *Arana* did not, however, overrule the portions of *McClelland*, 155 F.3d at
516-19, and *Copling*, 174 F.3d at 594-95, holding that conflict preemption is
insufficient to create removal jurisdiction.  See also *Ellis v. Liberty Life Assurance
Company of Boston*, 394 F.3d 262, 275 n.34 (5th Cir. 2004) ("Conflict preemption
does not allow removal to federal court but is an affirmative defense against claims
that are not completely preempted under Section 1132(a).") (citing *Giles v. NYLCare
Health Plans, Inc*. 172 F.3d 332, 337 (5th Cir. 1999)), *cert. denied*, __ U.S. __, 125
S. Ct. 2941 (2005).

- 11 -

*Insurance Co.*, 393 F. Supp. 2d 418, 426 (N.D. Tex. 2005) (Fish, C.J.) (citing

*Metropolitan Life*, 481 U.S. at 62-64; *McNeil v. Time Insurance Co.*, 205 F.3d 179, 191

(5th Cir. 2000), *cert. denied*, 531 U.S. 1191 (2001); *Anderson*, 11 F.3d at 1315; *Hogan*

*v. Kraft Foods*, 969 F.2d 142, 144 (5th Cir. 1992)).  However, because neither party

has briefed this issue and the only information regarding jurisdiction under ERISA is

contained in the defendant's notice of removal, the issue before the court becomes

whether the defendant's notice is sufficient to sustain its burden of proving

jurisdiction over this matter.

 As stated previously, the removing party bears the burden of showing that the

court has jurisdiction over the case.  When there has been no evidence presented by

the plaintiff contesting the defendant's allegations in its notice of removal and the

defendant included a "short and plain statement of the facts" in its notice, the

defendant has met its burden.  See *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92,

97-98 (1921) ("[I]f the plaintiff does not take issue with what is stated in the [notice

of removal], he must be taken as assenting to its truth, and the [removing] defendant

need not produce any proof to sustain it."); *see also* 14 C. WRIGHT & A. MILLER,

FEDERAL PRACTICE & PROCEDURE § 3733 (3d ed. 1998) at 356 ("[T]he same liberal

rules employed in testing the sufficiency of a pleading should apply to appraising the

sufficiency of a defendant's notice of removal."); *Rachel v. Georgia*, 342 F.2d 336, 340

(5th Cir. 1965) ("[W]e have no doubt the rules of notice pleading apply with as

- 12 -

much vigor to [notices of] removal as they do to other pleadings, which according to

Rule 8(f) of the Federal Rules of Civil Procedure 'shall be so construed as to do

substantial justice.'"), *aff'd*, 384 U.S. 780 (1966); *Kerbow v. Kerbow*, 421 F. Supp.

1253, 1258 (N.D. Tex. 1976) (the requirement that a notice of removal set forth "a

short and plain statement of the facts . . . is generally interpreted liberally").

      The court therefore turns to the only three documents relevant to this

discussion:  Kilduff's state-court petition at the time of removal, the defendant's

notice of removal, and the defendant's response to Kilduff's motion to remand.  The

defendant's notice of removal and response to Kilduff's motion to remand contain

the same arguments, *viz.*, that the insurance policy on which Kilduff is suing is in fact

an employee health benefits plan sponsored by his employer and that ERISA

regulates this self-funded health plan.  Notice of Removal at 2-3.  FHBA also argues

that since Kilduff is suing for breach of contract because the defendants "wrongfully

denied paying the full benefits owed Plaintiff for the insurance claim in issue,"

Plaintiff's Second Amended Petition at 2, his claim is completely preempted by

ERISA.  Notice of Removal at 3.  Finally, FHBA requests that the court exercise

supplemental jurisdiction over Kilduff's state law negligence claim.  *Id*. at 4.  In

support of these arguments, FHBA includes in its notice of removal an affidavit and

accompanying documentation from Diane R. Dinardo ("Dinardo"), the HR Services

Manager of OfficeMax Incorporated, Kilduff's employer.  Affidavit of Diane R.

Dinardo ("Dinardo Affidavit"), *attached to* Notice of Removal *as* Exhibit A; *see also*

Certificate of Group Health Plan Coverage, *attached to* Notice of Removal *as* Exhibit

A1; OfficeMax, Inc. Employee Benefit Plan, *attached to* Notice of Removal *as* Exhibit

A2.

      Taken in total, the submitted documentation and statements contained in the

defendant's notice of removal are sufficient to sustain federal question jurisdiction.

Uncontested by Kilduff is Dinardo's statement:

> I have determined that Michael Kilduff was a participant
> in an employee health benefit plan sponsored and funded
> through an insurance policy issued to Mr. Kilduff's
> employer, OfficeMax, Inc., for the purpose of providing
> insurance benefits to its employees and their beneficiaries.
> The plan's benefits, beneficiaries, funding and procedures
> are clearly defined.  This plan is self-funded by OfficeMax
> through the purchase of insurance.  FHBA Corp. acts only
> as the third-party administrator of claims under the plan.

Dinardo Affidavit ¶ 3.  This statement combined with a certificate of Kilduff's health

coverage under the plan and a summary plan description -- detailing eligibility,

medical benefits, coordination of benefits, procedures for filing claims for benefits,

and rights of participants -- is sufficient to establish coverage by ERISA for Kilduff's

claims in this case.  See *Memorial Hospital System v. Northbrook Life Insurance Co.*, 904

F.2d 236, 240-41 (5th Cir. 1990) (stating that test for whether an ERISA "plan"

exists is whether "a reasonable person could ascertain the intended benefits, a class of

beneficiaries, the source of financing, and procedures for receiving benefits"); *see also*

- 14 -

29 U.S.C. § 1002(1) (defining an "employee welfare benefit plan as "any plan, fund, or program . . . established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness[ or] accident . . .").  The defendant's notice of removal is therefore sufficient to establish complete ERISA preemption of Kilduff's claims.[5]

### III.  CONCLUSION

The plaintiff's claims being completely preempted by ERISA, there exists federal question jurisdiction.  For the reasons stated above, the motion to remand is **DENIED**.

**SO ORDERED**.

July 10, 2006.

_____
A. JOE FISH
CHIEF JUDGE

---

[5]      Because Kilduff's breach of contract claim is completely preempted by ERISA, the court has federal question jurisdiction.  To the extent that Kilduff's negligence claim is independent from his claim for breach of contract, the court will exercise supplemental jurisdiction over it.  *See* 28 U.S.C. § 1367(a).

- 15 -